

**IT IS ORDERED as set forth below:**

**Date: May 23, 2019**

*Paul Baisier* (signature)

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **18-71004-PMB** |
| | ) | |
| **DAVID DWANE LITTLEJOHN and** | ) | CHAPTER 13 |
| **TIFFANY VILLETTE LITTLEJOHN** | ) | |
| | ) | |
| Debtors. | ) | JUDGE PAUL M. BAISIER |
| | ) | |

### ORDER (I) DISMISSING CASE FOR FAILURE TO COMPLY
### WITH SECTION 109(H) AND (II) PROVIDING RELATED RELIEF

This matter came before the Court for hearing on April 18, 2019 (the "Hearing") on confirmation,[1] and on the motion to dismiss of Melissa J. Davey, the duly appointed Chapter 13 trustee in this case (the "Trustee") that was incorporated into her *Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss Case Pursuant to 11 U.S.C. Section 109(g)(1)* (Docket No. 32) filed on March 26, 2019 (the "Motion to Dismiss").

---

[1] The Debtor and the Trustee agreed at the Hearing that the currently proposed Chapter 13 plan (Docket No. 3)(the "Plan") was not ready to be confirmed, and that in the absence of the Motion to Dismiss, confirmation would need to be reset.  Confirmation was in fact reset to June 6, 2019, pending the resolution of the Motion to Dismiss.

In the Motion to Dismiss, the Trustee seeks to have this case dismissed because, among other things, she asserts that the Debtors are not eligible to be debtors under title 11 of the United States Code (the "Bankruptcy Code") because they did not receive the credit briefing that is required by Section 109(h) of the Bankruptcy Code during the one hundred eighty (180) days prior to filing this case.  Motion to Dismiss, ¶ 2.

The Debtors, through counsel, admitted at the Hearing that they did not receive the required credit briefing during the statutory time-period, and in fact had only taken it recently.  *See* Docket No. 35 (showing the briefing received on April 13, 2019).  Debtors' counsel further admitted that the Debtors' failure to receive the required briefing timely was entirely counsel's fault.  More specifically, the Debtors had been involved in two (2) prior Chapter 13 bankruptcy cases,[2] and at intake for this case Debtors' counsel noted that fact and assumed that the credit briefing for the immediately prior case satisfied the requirements for this case.  The certificates for that earlier briefing were thus filed in this case.  *See* Docket No. 2.  That briefing was, however, received on December 12, 2016, more than two (2) years prior to the filing of this case on December 14, 2018 (the "Filing Date"), and thus it was not timely taken for the purposes of this case.

At the Hearing, Debtors' counsel referred the Court to Judge Diehl's decision in *In re Parker*, 351 B.R. 790 (Bankr. N.D. Ga. 2006) for the proposition that failure to take credit counseling does not deprive the Court of jurisdiction over the case or require that the case be dismissed.  Counsel further requested that, if the Court did dismiss this case, it "strike the petition" so that a subsequent case filed by the Debtors would not be their third case in the past year and thus bring Section 362(d)(4) of the Bankruptcy Code into play.

---

[2] Case No. 14-61554 filed on June 13, 2014 and dismissed after confirmation on November 21, 2016, and Case No. 16-72933 filed on December 27, 2016 and dismissed after confirmation on October 1, 2018 (collectively, the "Prior Cases").

2

**The 109(h) Requirement**

Section 109(h) was added to the Bankruptcy Code as part of "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005" ("BAPCPA").[3]  Section 109(h) of the Bankruptcy Code requires an individual who wishes to file a case under the Bankruptcy Code to obtain from an "approved nonprofit budget and credit counseling agency" a "briefing" that "outline[s] the opportunities for available credit counseling" and assists the prospective debtor in performing a "related budget analysis." 11 U.S.C. § 109(h).  That briefing is to be obtained on or within one hundred eighty (180) days prior to the petition date.  The debtor is then required by Section 521(b)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(b)(3) and (c) to file, substantially contemporaneously with the petition, a certificate from the nonprofit agency describing the services that he or she received.  The ostensible purpose of this requirement is to assure that a prospective debtor has considered the consequences of a bankruptcy filing and alternatives to filing a bankruptcy case.[4]  This is presumably intended to avoid the filing of unnecessary bankruptcy cases when better alternatives exist, and thus to reduce the overall number of bankruptcy filings.

Although the goal of this provision may have been laudable, its implementation has been less than satisfactory, and the result has been a "briefing" that serves no useful purpose and only serves— on occasion —to trip up an unfortunate debtor (like the Debtors here) who is then required to file another case (and incur the related delay, cost, and expense) after the dismissal of the case in which he or she is found to be ineligible.[5]  The fallacy on which the requirement appears to be

---

[3] Pub. L. 109–8, 119 Stat. 23, enacted April 20, 2005.

[4] H.R. Rep. No. 109–31, pt. 1, at 2 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 89; H.R. Rep. No. 109–31, pt. 1, at 18 (2005), *as reprinted in* 2005 U.S.C.C.A.N 88, 104.

[5] That cost and expense includes the cost of filing (and prevailing on) a motion to extend or to impose the stay in their next case, as required by Sections 362(c)(3) and 362(c)(4) of the Bankruptcy Code.

based is that debtors normally seek advice from counsel (or otherwise consider bankruptcy) at a point in time where they have ample time to collect information and make an informed decision before some dire consequence occurs. That is, in the real world, rarely the case. Debtors much more commonly meet with counsel, or otherwise consider bankruptcy, only on the cusp of a potentially catastrophic event – a foreclosure, an eviction, a repossession, an immediate imprisonment, or some other similar event. At such a time, prospective debtors do not have the luxury of learning about additional options that they may have (or may have had), nor do they have the time to engage in many of them. They need a bankruptcy case, and they need it now. Because of that reality, the actual briefing, which is often taken online at their lawyer's office, is necessarily perfunctory, and is thus not particularly useful.

**Analysis**

Notwithstanding the foregoing observations regarding the efficacy of the requirements of Section 109(h), they are at present the law.[6] Section 109(h) provides in pertinent part[7] as follows:

> ". . . an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budgeting and credit counseling agency described in section 111 an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

11 U.S.C. § 109(h)(1).

---

[6] Recently, the American Bankruptcy Institute (the "ABI") completed an extensive two (2) year examination of the consumer bankruptcy system in the United States and prepared a report with a host of suggestions for revisions to the system. *See* Final Report of the ABI Commission on Consumer Bankruptcy, American Bankruptcy Institute (April 2019). One of the recommendations contained in the ABI Report is the elimination of the Section 109(h) requirement. ABI Report, Section 3.06. This Court would encourage Congress to adopt this recommendation and eliminate this requirement.

[7] The Debtors do not contend that they are eligible for the suspension or elimination of the briefing requirements as is sometimes permitted under subparts (2)-(4) of Section 109(h).

In this case, the Debtors clearly have not complied with the requirements of Section 109(h). They did not obtain the required briefing during the statutory time-period – they received one briefing two (2) years before the case was filed, and a second five (5) months after the case was filed. This requirement is not jurisdictional,[8] such that the case would not have to be dismissed if no party in interest requested dismissal.[9] However, here the Trustee has requested dismissal.[10] In those circumstances, the majority view is that the case must be dismissed.[11] This is sensible; the fact that the debtor is "ineligible" to be a debtor must have some meaning, and dismissing the case seems like the most logical way to give effect to that meaning. This is true even though the statute does not state explicitly the consequences of the debtor's ineligibility and the dismissal provisions in the various chapters do not specifically list ineligibility under Section 109 as a basis for dismissal,[12] requiring the Court instead to rely on the ubiquitous "cause" (arising from the ineligibility of the debtor) as the basis for the dismissal.

Regarding Judge Diehl's decision in *Parker*, cited by counsel for the Debtors, that case is entirely distinguishable from this one. In *Parker*, the debtor sought to dismiss his own Chapter 7 case, which a Chapter 7 debtor does not have an unfettered right to do.[13] To avoid the limitations

---

[8] *See* 2 COLLIER ON BANKRUPTCY ¶ 109.01[2] (R. Levin & H. Sommer eds., 16th ed.); *Parker*, 351 B.R. at 796; *In re Ross*, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006).

[9] 2 COLLIER ON BANKRUPTCY ¶ 109.09[1], fn.12 (citing cases).

[10] In the introductory paragraph of the Motion to Dismiss, the Trustee requests dismissal and invokes Sections 1307(c), 109(g), 349(a) and 105(a) of the Bankruptcy Code. In the request for relief, however, the Trustee only requests dismissal under Section 105 and 109(g), neither of which is an express basis to dismiss a case. Taken together, however, the Court considers this an adequate, if inartful, request for dismissal under Section 1307(c).

[11] *In re Zarnel*, 619 F.3d. 156, 165 (2d Cir. 2010)(citing cases). Most reported cases on this issue pre-date *Zarnel*.

[12] *See* Sections 707, 1112, 1307 of the Bankruptcy Code; *compare* Section 362(b)(21)(A) of the Bankruptcy Code (providing an automatic consequence, that there is no stay in the case, where the debtor is ineligible under Section 109(g)).

[13] *See* 2 COLLIER ON BANKRUPTCY ¶ 707.03[3]; *see generally* 11 U.S.C. § 707(a).

on his right to dismiss his own case, Parker claimed that he had not complied with Section 109(h) and asserted that the case must be dismissed. Judge Diehl observed that the 109(h) requirements are not jurisdictional, and then found that the debtor had waived his right to assert the failure to comply with Section 109(h) as a basis for dismissal through his conduct in the case.[14] Judge Diehl further found that Parker was judicially estopped, based on his filings in the case, from asserting that the briefing had not been obtained.[15]

*Parker*, as well as Judge Bonapfel's decision in *In re Rios*, 2007 WL 7136473 (Bankr. N.D. Ga. Nov. 5, 2007), both suggest that a case in which the debtor has not complied with Section 109(h) might be maintained because the requirement has been waived. Although that may be a viable theory in certain cases,[16] here there is no basis for waiver. Waiver requires "the intentional and voluntary relinquishment of a known right".[17] In this case, the Trustee included an objection to confirmation and a request for dismissal based on noncompliance with Section 109(h) in her first set of objections to confirmation, filed almost immediately after the Section 341 meeting of creditors in this case, and then pursued the objection at the first scheduled confirmation hearing. Further, unlike *Rios*, the parties in this case concede that the Plan is not ready to be confirmed. Consequently, waiver is not applicable to this case. Because judicial estoppel is also not relevant to this case, *Parker* is entirely inapposite. Based on the foregoing, this case should be dismissed.

---

[14] *Parker*, 351 B.R. at 796.

[15] *Id*. at 799.

[16] For example, in *Rios*, although the trustee had raised the 109(h) issue in an objection filed in May (in a case filed in April), the trustee did not pursue the objection at three (3) consecutive confirmation hearings, and only raised it at a September confirmation hearing when the plan was otherwise ready to be confirmed. In those circumstances the Court found waiver. *Rios*, 2007 WL 7136473 at *3.

[17] *Parker*, 351 B.R. at 797.

Finally, the Debtors have requested that, if the case must be dismissed, the petition be stricken.[18] Judge Bonapfel conducted a thorough analysis of this possible disposition of 109(h) cases in *In re Ross*, *supra*, fn.8. That analysis is adopted here *in toto*. In short, the result of ineligibility under the other subparts of Section 109, including 109(e) and 109(g)[19] is generally not that the case is void, and there is no textual support or other logical justification for treating ineligibility under Section 109(h) differently from ineligibility under the other subparts of Section 109. Further, there are numerous other problems with creating the possibility that the case might be void or might be declared void at some point in time. *See Ross*, 338 B.R. at 139-41. As a result, the request to strike the petition in this case will be denied.

In view of the foregoing and the record in this case and the Prior Cases, it is hereby **ORDERED** as follows:

1. This case is **DISMISSED** pursuant to 11 U.S.C. § 1307(c).

2. The Trustee's request for a finding under 11 U.S.C. § 109(g) is **DENIED**.

3. The Debtors' request to strike the petition in this case is **DENIED**.

4. Subject to the provision by a party in interest at a subsequent hearing of evidence to the contrary, the Court **FINDS** that a filing by the Debtors of another Chapter 13 case

---

[18] This result was ordered in a few early cases, most in 2005 or 2006. *In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005); *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005); *In re Salazar*, 339 BR 622 (Bankr. S.D. Tex. 2006); *In re Carey,* 341 B.R. 798 (Bankr. M.D. Fla. 2006); *In re Thompson*, 344 B.R. 899 (Bankr. S.D. Ind. 2006), *vacated as moot by* 249 Fed. Appx. 475 (7th Cir. 2007); *In re Elmendorf*, 345 B.R. 486 (Bankr. S.D.N.Y. 2006), *vacated and remanded by* 619 F.3d 156 (2d Cir. 2010); *see also Wyttenbach v. C.I.R.*, 382 B.R. 726 (S.D. Tex. 2008)(deciding not to disturb bankruptcy court reliance on *Salazar* and *Hubbard*). The Second Circuit, in an appeal of *Elmendorf* by the United States Trustee, determined that a case had in fact commenced notwithstanding noncompliance with Section 109(h), and remanded to the bankruptcy court to determine again whether the petitions should still be struck. *See Zarnel*, *supra*, 619 F.3d. at 171-72. The United States Trustee also appealed *Thompson* to the Seventh Circuit, where the appeal was dismissed as moot because it no longer mattered whether the case was dismissed or struck. *In re Thompson*, 249 Fed. Appx. 475 (7th Cir. 2007).

[19] *Ross* notes a split on the issue under Section 109(g). *Ross*, 338 B.R. at 137-138. *Ross* notes convincingly, however, that Congress in BAPCPA communicated that it thought a case filed by a debtor who was ineligible under 109(g) was a case and caused a stay to come into effect under Section 362(a) because it added Section 362(b)(21)(A) as an exception to the automatic stay, applicable only in cases filed in violation of Section 109(g). *Id*. at 138-39.

promptly after this case is dismissed would be in good faith, notwithstanding the presumption set forth in Section 362(d)(4)(D) of the Bankruptcy Code, because this case was dismissed for reasons for which the Debtors should not be held accountable.

5. Pursuant to Section 4.2 of General Order 22-2017, because counsel for the Debtors has admitted that this dismissal is entirely their fault,[20] they are not entitled to $2,500.00 from the funds paid into this case as compensation for their services herein and are hereby **PROHIBITED** from receiving any compensation in this case (or for this case) from the Debtors.

### ### END OF ORDER ###

---

[20] This is not the first reported case where a failure to comply with Section 109(h) is entirely the fault of counsel. *See In re Johnson*, 2017 WL 1740309, *2 (Bankr. D.C. May 3, 2017)("software error" found 181 day old certificate to be timely); *In re Ginsberg*, 354 B.R. 644, 646-47 (Bankr. E.D.N.Y. 2006)(counsel unaware of requirement). As noted in *Ginsberg*, the recourse in such circumstances is "[g]enerally . . . against the attorney." *Id*. at 648. This reduction of fees to $0.00 in this case addresses at least partly that recourse.